IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CT-3042-F

| | |
|---|---|
| HOWARD DUFFIS CLAUDIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| THE GEO GROUP, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion of defendants The GEO Group, Inc., Jonathan Miner, Wallace Branch, and R.W. Hinton (collectively "GEO defendants")[1] for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [DE-54], and plaintiff's motions to appoint counsel and an expert. [DE's-66, 67]. For the following reasons, plaintiff's motion to appoint counsel and an expert are DENIED and the GEO defendants' motion for summary judgment is GRANTED.

## STATEMENT OF THE CASE

On April 5, 2010, Howard Duffis Claudio, ("Claudio" or "plaintiff"), an inmate in the custody of the United States Bureau of Prisons ("BOP") currently incarcerated at Rivers Correctional Institution ("Rivers"), filed this action alleging that the BOP and its Director, Harley Lappin, violated his constitutional rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff also alleged negligence and various other state law claims

---

[1] The GEO Group, Inc. is a private corporation with whom the United States Bureau of Prisons contracts for the management of Rivers Correctional Institution. Defendants Miner, Branch and Hinton are former or current employees of The GEO Group, Inc.

against the GEO defendants. In short, plaintiff complains about the alleged harmful effects of his involuntary exposure to second-hand tobacco smoke while incarcerated at Rivers. For example, plaintiff contends that he used his asthma medication more frequently because of his exposure to second-hand smoke. [DE-48, ¶ 37]. He also asserts that "[b]ecause of the excessive inhalation of Second Hand Smoke, . . . [he] faces an[] increased risk of contracting lung and heart disease and other [ailments] . . . in the future." *Id.* ¶ 38. Furthermore, plaintiff also alleges that The GEO Group, Inc. is liable pursuant to the doctrine of respondeat superior. *Id.* ¶¶ 96-98. Finally, plaintiff argues that the GEO defendants breached their contract with the BOP and that he is a third-party beneficiary of that contract. *Id.* ¶¶ 89-95.

On January 12, 2011, the court found that plaintiff's complaint survived frivolity review under 28 U.S.C. § 1915(e). [DE-4]. The GEO defendants filed their answer to the complaint on February 14, 2011. [DE-11]. Defendants BOP and Lappin filed a motion to dismiss or, in the alternative, for summary judgment as to plaintiff's constitutional claim against them on March 29, 2011. [DE-15]. Plaintiff filed his first motions to appoint counsel [DE-17] and to appoint an expert [DE-18] on March 30, 2011. On April 20, 2011, plaintiff responded to defendants BOP's and Lappin's motion for summary judgment, and also sought leave to file an amended complaint. [DE-24]. Pending the resolution of these motions, the GEO defendants filed a motion to stay this case on June 9, 2011 [DE-42], which was granted on June 30, 2011. [DE-45]. The court entered an order on July 31, 2012 which: 1) granted defendants BOP's and Lappin's motion for summary judgment and dismissed plaintiff's constitutional claim against those defendants; 2) granted plaintiff's motion to amend his complaint; 3) denied plaintiff's first motion to appoint counsel and an expert; and 4) lifted the June 30, 2011 stay. [DE-47].

Plaintiff's amended complaint [DE-48] was filed on July 31, 2012, in which he replaced his constitutional claim against defendants BOP and Lappin with a negligence claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* On August 14, 2012, defendants BOP and Lappin moved to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction. [DE-49]. The instant motion for summary judgment was filed on January 11, 2013. [DE-54]. Plaintiff renewed his requests for the appointment of counsel and an expert on January 28 and 29, 2013. [DE's-66, 67]. On February 11, 2013, the GEO defendants responded in opposition to these requests. [DE's-71, 72]. Defendants BOP's and Lappin's motion to dismiss plaintiff's FTCA claim was granted on February 22, 2013. [DE-73]. On March 4, 2013, plaintiff responded to the instant motion for summary judgment [DE-74], and the GEO defendants filed a reply on March 6, 2013. [DE-75]. Plaintiff appealed the dismissal of his FTCA claim against defendants BOP and Lappin to the Fourth Circuit on March 8, 2013 [DE-76], and his appeal was dismissed on July 22, 2013. [DE-82]. In summary, the GEO defendants' motion for summary judgment, and plaintiff's renewed motions for the appointment of counsel and an expert have been fully briefed and are now ripe for adjudication.

Notably, plaintiff's claims against the GEO defendants are virtually identical to claims presented to another court in this district in Phillip v. Geo Group, Inc., 2012 WL 5392120 (E.D.N.C. Nov. 5, 2012).[2] Ultimately, the substantially similar claims in Phillip were dismissed on summary judgment, and that ruling has been upheld by the Fourth Circuit. Phillip, 2012 WL 5392120. Plaintiff makes no legal argument, nor any assertion of fact sufficient to distinguish this case from

---

[2] Indeed, plaintiff attempted to intervene in that action, although his request was denied. Phillip v. Geo Group, Inc., 5:09-CT-3115-FL, [DE-116], (E.D.N.C. March 3, 2010).

3

Phillip.

## STATEMENT OF THE FACTS

The facts, viewed in the light most favorable to plaintiff, are as follows. At all times relevant to this action, plaintiff was an inmate incarcerated at Rivers. Until November 1, 2010, inmates were permitted to smoke tobacco products in certain designated areas at Rivers. [DE-56, ¶ 5; DE-57, ¶ 6; DE-59, ¶¶ 4, 10; DE-61, ¶¶ 8, 9]. This policy resulted in five designated smoking areas throughout Rivers. [DE-59, ¶ 5]. These areas were clearly identified, outdoor areas in the two and one half acre Rivers' recreation yard. *Id.* Four of the designated smoking areas were located on each of the four sides of the fenced recreation yard, and the fifth was located near an outdoor track and baseball field. *Id.* ¶ 6. Inmates accessed the outdoor track and baseball field through one of two doors to the Rivers facility. *Id.* Inmates were not permitted to smoke within their housing units. *Id.* ¶ 7. During the time smoking was permitted, Rivers' staff made efforts to minimize the exposure of non-smoking inmates to second-hand smoke. *Id.* ¶¶ 5-6.

On November 1, 2010, a no-smoking policy was instituted at Rivers. [DE-56, ¶ 5; DE-57, ¶ 6; DE-59, ¶ 9]. The new no-smoking policy prohibited the use of tobacco products in the indoor or outdoor areas at Rivers, with the exception of a staff designated area outside of the facility. [DE-59-3, ¶ III]. Both before and after the smoking ban, the GEO defendants enforced the current smoking policy and took disciplinary action when a violation was observed. [DE-56, ¶¶ 4-6; DE-57, ¶¶ 5-7; DE-59, ¶¶ 11, 12, 20, 21]. Specifically, in the event that a Rivers' staff member observed a violation of the former smoking policy, he/she would generate an incident report, and then another Rivers' staff member would investigate the incident to determine whether the allegations supporting the alleged incident could be substantiated. [DE-63, ¶ 6]. If so, the incident either would be referred

4

to the inmate's unit disciplinary committee or to the facility's disciplinary hearing officer. *Id.* Any inmate found to have violated the smoking policy would be sanctioned. *Id.*

Defendant Branch is an Assistant Warden for Security at Rivers. [DE-56, ¶¶ 2, 3]. His only involvement with plaintiff and his claims was the processing of a Step One Administrative Remedy Form submitted by plaintiff on or about October 12, 2009. *Id.* ¶ 7. On this form, plaintiff alleged that the GEO defendants were "violating [his] rights . . . by exposing [him] to the harmful effects of Second Hand Smoke . . ." [DE-56-1]. At the time this remedy form was filed, smoking was allowed at designated areas. [DE-56, ¶ 8]. Defendant Branch investigated plaintiff's grievance, and concluded that Rivers was in compliance with the currently applicable rules and regulations. *Id.* ¶¶ 8-13.

Defendant Miner was employed as the Warden at Rivers from July 13, 2009 through July 23, 2012. [DE-59, ¶ 2]. Defendant Miner responded to plaintiff's Step Two Administrative Remedy Form on or about November 17, 2009. *Id.* ¶ 13. As before, plaintiff asserted that his rights were being violated because The GEO Group, Inc. permitted inmates to smoke in certain areas of the facility. *Id.* After reviewing plaintiff's claim, defendant Miner concluded that the smoking policy in effect at the time was being followed. *Id.* ¶¶ 14-19.

Defendant Hinton is the Unit Manager for plaintiff's housing unit. [DE-57, ¶ 2]. The smoking policy violations alleged by plaintiff occurred outside defendant Hinton's normal working hours, and therefore, he was not present to observe and stop this activity. *Id.* ¶¶ 4, 8.

Non-party Rebecca Summerlin was employed as a physician at Rivers from July 2009 through July 2010. [DE-62, ¶ 2]. During her treatment of plaintiff, she did not find that plaintiff's ailments were caused or exacerbated by second-hand smoke. *Id.* ¶ 6. Rather, Dr. Summerlin

5

Case 5:10-ct-03042-F  Document 84  Filed 07/25/13  Page 5 of 12

indicates that "any reference to tobacco smoke is simply [plaintiff's lay] opinion on the cause of his ailments." *Id.*

## DISCUSSION

### I. MOTIONS TO APPOINT COUNSEL AND AN EXPERT

Plaintiff has renewed his requests for the appointment of counsel and an expert. [DE's-66, 67]. The requests have already been denied once [DE-47], although the court indicated that it "may revisit, on its own motion or upon a renewed motion by plaintiff, whether appointment of an expert is appropriate in this case." [DE-47, pp. 9-10]. Both requests shall now be reevaluated in turn.

### A. MOTION TO APPOINT COUNSEL

Although 28 U.S.C. § 1915(e)(1) authorizes the court to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to counsel in civil cases, and a court should exercise its discretion to "request" counsel for pro se civil litigants "only in exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); *see* Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant. 739 F.2d at 163 (quotation omitted). In particular, "[a]ppointment of counsel is proper '[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it' or some other exceptional circumstance is present." Zuniga v. Miller, 2012 WL 2354464, at *1 (4th Cir. June 21, 2012) (unpublished decision) (quoting Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)). However, as discussed in Gordon, "the capacity to present" a given claim is judged by whether the claim is "pleaded sufficiently," not necessarily whether the inmate has the unfettered

6

ability to duplicate the sort of research and investigation that a trained attorney can provide. Gordon, 574 F.2d at 1153 n.3. In addition to his preparation of clear and sufficient pleadings, an inmate litigant may demonstrate his ability to "adequately present his case" by his filing of "numerous and lengthy motions and exhibits." Harden v. Greene, 27 F. App'x 173, 175 (4th Cir. 2001).

In its July 31, 2012 order, the court determined that "considering the nature of the claims presented and plaintiff's demonstrated ability to articulate his claims clearly and concisely, there are no exceptional circumstances warranting the appointment of counsel at this time." [DE-47, pg. 6]. Plaintiff has not presented any additional evidence or argument sufficient to alter this analysis. Plaintiff continues to present his claims clearly and concisely. Likewise, another court in this district has previously determined that a virtually identical claim was not so complex as to require the appointment of counsel. Phillip, 2012 WL 5392120, at * 3-4. Accordingly, plaintiff's motion for the appointment of counsel is DENIED.

## B. MOTION TO APPOINT AN EXPERT

Plaintiff seeks the appointment of an expert pursuant to Rule 706 of the Federal Rules of Evidence. "Rule 706 contemplates the appointment of an expert to aid the court," not for purposes of enabling a particular litigant to prove his or her case. Hannah v. United States, 523 F.3d 597, 600-01 (5th Cir. 2008). In its previous denial of this request, the court noted that "plaintiff's request [was] contrary to the policy behind Rule 706 " because the requested expert was not intended to aid the court or a jury, but rather to assist plaintiff in the presentation of his case. [DE-47, pg. 8]. The tenor of plaintiff's request has not changed. For example, in his renewed motion, plaintiff states that denial of his request would result in him being "unable to obtain an expert testimony" to rebut defendants' motion for summary judgment. [DE-67, pp. 4-5]. Therefore, plaintiff's motion to

7

appoint an expert is DENIED. *See* Phillip, 2012 WL 5392120, at * 9 (denying motion to appoint expert on similar grounds).

## II. MOTION FOR SUMMARY JUDGMENT

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). A "material" fact is identified by the substantive law, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not simply rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248-49, but instead "must come forward with specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original and quotation omitted).

In determining whether a genuine issue of material fact exists for trial, a court views the facts and reasonable inferences drawn from the parties' submissions in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 249-250 (citations omitted) ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."); *id.* at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ."). "Conclusory

8

or speculative allegations do not suffice" to demonstrate a genuine issue of material fact. Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002). Likewise, a court should not find the existence of a genuine issue of material fact based only upon the uncorroborated and self-serving testimony or assertions of a party. *See* Harris v. Home Sales Co., 2012 WL 6217613, at *8 (4th Cir. Dec. 14, 2012) (unpublished decision) (citing Williams v. Giant Food Inc., 370 F.3d 423, 433 (4th Cir. 2004)).

## B. ANALYSIS

Plaintiff contends that the GEO defendants' were negligent and breached a contract to which he was a third-party beneficiary by exposing him to second-hand smoke. [DE-48, pg. 1]. These claims shall be discussed in turn.

### 1. NEGLIGENCE

Because this is a diversity action, North Carolina law governs plaintiff's negligence claim. *See* Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co., 433 F.3d 365, 369 (4th Cir. 2005). North Carolina law requires that "in order to prevail in a negligence action, [a plaintiff] must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." Camalier v. Jeffries, 340 N.C. 699, 460 S.E.2d 133, 136 (1995); Hart v. Ivey, 332 N.C. 299, 420 S.E.2d 174 (1992) ("[a]ctionable negligence is the failure to exercise the degree of care which a reasonable and prudent person would exercise under similar conditions. A defendant is liable for his negligence if the negligence is the proximate cause of injury to a person to whom the defendant is under a duty to use reasonable care." (internal citations omitted)). Plaintiff has failed to establish these elements.

Plaintiff has not established that the GEO defendants breached a duty of reasonable care

9

owed to him. "A duty is defined as an obligation, recognized by the law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks." Davis v. N.C. Dep't of Human Resources, 121 N.C. App. 105, 112, 465 S.E.2d 2, 6, (1995). "A breach of the duty occurs when the person fails to conform to the standard required." *Id.* In general, "[t]he government is not an insurer of the safety of a prisoner." Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976). Rather, "a prison official is liable when he knows of, or in the exercise of reasonable care should anticipate, danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners.' " Thames v. North Carolina Dept. of Correction, 205 N.C. App. 469, 698 S.E.2d 201, at *2 (N.C. App. July 20, 2010) (internal quotations omitted); Taylor v. North Carolina Dep't of Correction, 88 N.C. App. 446, 448, 363 S.E.2d 868, 871 (1988) ("[D]efendant [prison officials] had a duty of reasonable care to protect the plaintiff from reasonably foreseeable harm." ). Plaintiff alleges that the GEO defendants breached their duty of care because they did not properly enforce the smoking policies at Rivers. However, his allegations are rife with generalities and virtually devoid of specifics. Conversely, the GEO defendants specifically allege that they diligently enforced the smoking policy [DE-56, ¶¶ 4-6; DE-57, ¶¶ 5-7; DE-59, ¶¶ 11-12, 20-21] and that they considered plaintiff's specific complaints. [DE-56, ¶¶ 8-16; DE-59, ¶¶ 14-19 2]. Plaintiff's conclusory and speculative allegations do not suffice to demonstrate a genuine issue of material fact. For example, when discussing why the relief requested in his Administrative Remedy Forms was denied, plaintiff asserts, "[o]ne can readily conclude that Assistant Warden Branch was only concern[ed] with validating Rivers' smoking policy." [DE-74, pg. 16]. However, this "conclusion" is not supported by any specific assertion of fact. Ultimately, the mere fact that Rivers has not always been a smoke-free facility does not constitute negligence.

10

Case 5:10-ct-03042-F Document 84 Filed 07/25/13 Page 10 of 12

Phillip, 2012 WL 5392120, at * 4-6 ("the fact that other BOP facilities prohibited smoking or the sale of tobacco products does not indicate that the former smoking policy violated BOP policy"). Moreover, the GEO defendants allege they took reasonable steps to ensure that Rivers' inmates were not exposed to second-hand smoke, and plaintiff has not presented any specific evidence to the contrary. Accordingly, the court finds that plaintiff has not established any breach of duty.

Furthermore, plaintiff has not established proximate cause. As noted in Phillip, proximate cause is generally an issue of fact for the jury. Phillip, 2012 WL 5392120, at * 6 (citing Olds v. United States, 2012 WL 1130604, at *2 (4th Cir. Apr. 5, 2012); Gaines v. Cumberland County Hospital System, Inc., 203 N.C. App. 213, 217, 692 S.E.2d 119, 122 (2010)). "However, in cases involving complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of an injury." *Id.* (quotations and citations omitted). Here, plaintiff relies on his own lay opinion that exposure to second-hand smoke has caused or worsened his medical conditions. Conversely, the GEO defendants rely upon the affidavit of a treating physician, Dr. Summerlin, who opines that plaintiff's ailments were not caused or exacerbated by second-hand smoke. [DE-62, ¶ 6]. Therefore, plaintiff has not established proximate cause because he "has not met his burden of producing evidence, beyond mere speculation, that his exposure to second-hand smoke at Rivers caused any of his alleged medical conditions . . ." Phillip, 2012 WL 5392120, at * 8.

In short, the GEO defendants' motion for summary judgment is GRANTED as to plaintiff's negligence claim. Finally, because plaintiff has not established negligence, his claim based upon respondeat superior is also dismissed. *Id.* at * 9.

11

## 2. THIRD-PARTY BENEFICIARY

Plaintiff also argues that the GEO defendants breached their contract with the BOP and that he is a third-party beneficiary of that contract. [DE-49, ¶¶ 89-95]. The argument that an inmate is a third-party beneficiary of the contract between The GEO Group, Inc. and BOP has been rejected by other courts in this district. Phillip, 2012 WL 5392120, at * 9; Mathis v. GEO Group, Inc., 2:08-CT-21-D, [DE-96, pp. 39-40], (E.D.N.C. November 9, 2009). Therefore, the court GRANTS the GEO defendants' motion for summary judgment as to plaintiff's third-party beneficiary claim.

## CONCLUSION

For the foregoing reasons, it is ORDERED that plaintiff's motions to appoint counsel and an expert [DE's 66, 67] are DENIED, and the GEO defendants' motion for summary judgment [DE-54] is GRANTED. Plaintiff's complaint is DISMISSED and the Clerk of Court is instructed to close this case.

SO ORDERED. This the 25 day of July, 2013.

JAMES C. FOX
Senior United States District Judge